**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CORDARIUS WILLIS,                                                                    PLAINTIFF
ADC #162742

v.                                            4:20CV01442-JM-JTK

WENDY KELLEY, et al.                                                          DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.    Introduction

Plaintiff Cordarius Willis ("Plaintiff") is incarcerated at the Varner Supermax Unit of the Arkansas Division of Correction ("ADC").   Plaintiff sued multiple ADC employees alleging deliberate indifference to his serious medical needs.  (Doc. Nos. 2, 5).  Only Plaintiff's claims against Defendant Edkeyla Smart remain pending.[1]

Defendant Smart now has filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the merits of Plaintiff's claims. (Doc. Nos. 28-30).   Because Plaintiff had not responded, on October 27, 2021 the Court directed Plaintiff to file a response within 15 days. (Doc. No. 34).   The Order cautioned Plaintiff that if he did not file a response, all of the facts set forth in Defendant Smart's summary judgment papers could be deemed admitted, among other possible consequences.   (Id. at 1-2.)   Plaintiff still has not filed a response, and the time for doing so has passed.   After careful consideration, and for the reasons set out below, the Court recommends Defendant Smart's Motion be granted.

---

[1] Plaintiff's claims against Defendants Wendy Kelly, Dexter Payne, James Gibson, Brandon Carroll, Washington, Swopes, Audrey Lance, Sherman, and White have been dismissed.   (Doc. Nos. 7, 8, 19).

## II.    Plaintiff's Complaint

Plaintiff sued Defendants in their personal and official capacities.  (Doc. No. 5 at 1-2).
Plaintiff alleged that on May 7, 2020, he told Defendant Smart that he needed Defendant Smart to
call a nurse because Plaintiff was having an asthma attack along with chest pain.  (Id. at 5).
Plaintiff said it was was hard for him to breath and catch his breath, and his inhaler was not helping
him.  (Id.).  Plaintiff claimed Defendant Smart refused to call a nurse.  (Id. at 6).  According to
Plaintiff, he endured chest pain for hours and lost consciousness; when he awoke, he was on the
floor of his cell unable to move his body or talk.  (Id.).  Plaintiff seeks damages and injunctive
relief.  (Id. at 5).

## III.    Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows
that there is no genuine issue of material fact and the moving party is entitled to judgment as a
matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party
bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the affidavits, if any, which it believes
demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144
F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other
citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot
simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth
specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are
viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary
judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine
dispute over those facts that could actually affect the outcome of the lawsuit." Id.

3

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."   Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

## IV.    Facts and Analysis

Plaintiff alleged deliberate indifference to his serious medical needs.

### A.      Official Capacity Claims

Plaintiff sued Defendant Smart in her official and personal capacities.   Plaintiff's § 1983 damages claims against Defendant Smart in her official capacity are the equivalent of claims against the State of Arkansas and are barred by Eleventh Amendment.   Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

### B.   Personal Capacity Claims—Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits cruel and unusual punishment.   U.S. CONST. AMEND. VIII.   This prohibition gives rise to the government's duty to provide medical care to prisoners. "The government has an 'obligation to provide medical care for those whom it is punishing by incarceration."   Allard v. Baldwin, 779 F.3d 768, 772 (8th Cir. 2015) (citing Estelle v. Gamble, 429 U.S. 97, 103 (1976)).   It follows that the "Eighth Amendment proscribes deliberate indifference to the serious medical needs of prisoners."   Robinson v. Hager, 292 F.3d 560, 563 (8th Cir. 2002) (internal citation omitted).   "A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'"   Schuab v. VonWald, 638 F.3d

905, 914 (8th Cir. 2011) (internal citation omitted). "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs." Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997). To succeed on a claim of deliberate indifference to a medical need, a plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Washington v. Denney, 900 F.3d 549, 559 (8th Cir. 2018); McRaven v. Sanders, 577 F.3d 974, 981 (8th 2009).

###### 1.    No Facts in Dispute

As an initial matter, Plaintiff has not responded to Defendant Smart's Motion for Summary Judgment. "All material facts set forth in the statement [of undisputed material facts] filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Rule 56.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e). Because Plaintiff has filed no response, all facts set out in Defendant Smart's Statement of Facts (Doc. No. 30) are deemed admitted.

At his deposition, Plaintiff testified that he was diagnosed with asthma between the ages of five and seven. (Doc. No. 30 at ¶ 5; Doc. No. 28-1 at 16-17). Plaintiff sees a doctor at his Unit every six months for his asthma. (Doc. No. 30 at ¶ 22; Doc. No. 28-1 at 17). Plaintiff stated he does not have asthma attacks often, and has suffered only from the attack at issue in this case during his incarceration. (Doc. No. 30 at ¶¶ 21-24; Doc. No. 28-1 at 13, 17-19).

5

On the morning of May 7, 2020, Plaintiff told Defendant Smart several times that he needed her to call a nurse because he has asthma, was having chest pain, it was hard for him to breath, his asthma inhaler was not working, and he might be having an asthma attack.    (Doc. No. 30 at ¶¶ 7-8, 27; Doc. No. 28-1 at 20-21). Plaintiff alleged in his Amended Complaint that Defendant Smart refused to call the nurse, which resulted in Plaintiff suffering intense chest pain for several hours and passing out in his cell.    (Doc. No. 30 at ¶¶ 9, 10; Doc. No. 5 at 4-5).    During his deposition, however, Plaintiff testified that Defendant Smart did not say anything to him after Plaintiff told Defendant Smart he was having an asthma attack; she just walked off and did not call the nurse. (Doc. No. 30 at ¶ 27; Doc. No. 28-1 at 22).    When Plaintiff regained consciousness, the inmate in the neighboring cell, Harold Covert, told Plaintiff he witnessed the incident and informed Defendant Smart that Plaintiff was having a medical issue.    (Doc. No. 30 at ¶ 11; Doc. No. 5 at 5, 16).    During Plaintiff's deposition, however, Plaintiff admitted that Harold Covert could not see inside of Plaintiff's cell.    (Doc. No. 30 at ¶ 32; Doc. No. 28-1 at 23-24).

Plaintiff did not submit a sick call after he regained consciousness.    (Doc. No. 30 at ¶ 37; Doc. No. 28-1 at 43).    He testified that he suffered no long-term effects from not receiving medical treatment on May 7, 2020.    (Doc. No. 30 at ¶ 35; Doc. No. 28-1 at 42).    His injuries consisted of chest pain, and he hit his head on his cell floor when he passed out.    (Doc. No. 30 at ¶ 36; Doc. No. 28-1 at 42).

Correction officers at the Unit conduct security checks roughly every half hour, checking inmates in their cells to make sure the inmates have not suffered any type of harm.    (Doc. No. 30 at ¶ 39; Doc. No. 28-2 at ¶ 6).    According to Defendant Smart, on May 7, 2020, Plaintiff informed Defendant Smart during her second round of security checks that he was having chest pains. (Doc. No. 30 at ¶ 42; Doc. No. 28-2 at ¶¶ 7, 8; Doc. No. 28-3).    Plaintiff did not mention having

asthma, did not appear to be in distress, and was talking normally.    (Doc. No. 30 at ¶¶ 43, 44; Doc. No. 28-2 at ¶¶ 8, 10).    After Plaintiff told Defendant Smart about his chest pains, Defendant Smart conveyed the information to Sergeant Swopes, who was working in the control booth. (Doc. No. 30 at ¶ 45; Doc. No. 28-2 at ¶ 9).    Defendant Smart continued with her shift, conducting security checks at 7:23, 7:53, 8:25, 8:57, 9:38, and 9:57.    (Doc. No. 30 at ¶ 47; Doc. No. 28-2 at ¶ 11; Doc. No. 28-3).    During these rounds, Defendant Smart never observed Plaintiff passed out in his cell.    (Doc. No. 30 at ¶ 51; Doc. No. 28-2 at ¶ 15).    Further, Plaintiff did not complain further about chest pains, did not say he needed medical care, and did not tell her about his passing out.    (Doc. No. 30 at ¶¶ 49, 50; Doc. No. 28-2 at ¶¶ 14, 15).    Chow began at 10:15 and lasted one hour; Defendant Smart was relieved from her post at 12:20 p.m.    (Doc. No. 30 at ¶ 48; Doc. No. 28-2 at ¶¶ 12, 13; Doc. No. 28-3).

In her Statement of Facts, Defendant Smart maintains she called Sergeant Swopes and reported Plaintiff's chest pain to Sergeant Swopes.    And according to Defendant Smart's statement of facts, Plaintiff never mentioned having asthma, did not appear to be in distress, and was talking normally when Plaintiff reported his chest pain.    Further, Defendant Smart never saw Plaintiff passed out and Plaintiff never told Defendant Smart that he passed out.    Plaintiff has not controverted any material fact submitted.    Under these circumstances, the Court finds no violation of Plaintiff's constitutional rights.

Where, as here, Defendant Smart has moved for summary judgment, Plaintiff "was required 'to discard the shielding cloak of formal allegations and meet proof with proof by showing a genuine issue as to a material fact.'"    Fatemi v. White, 775 F.3d 1022, 1046 (8th Cir. 2015) (internal citation omitted).    Plaintiff has not, however, met proof with proof to establish facts in dispute that would preclude partial summary judgment in Defendant Smart's favor.    Wilson v.

Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).   Accordingly, Defendant Smart's Motion should be granted.

**V.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendant Smart's Motion for Summary Judgment (Doc. No. 28) be GRANTED;

2.    Plaintiff's claims against Defendant Smart be DISMISSED with prejudice.

3.    Plaintiff's Complaint, as amended (Doc. No. 5), be DISMISSED.

IT IS SO RECOMMENDED this 15th day of November, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE